THE NEW ENGLAND LOAN AND TRUST COMPANY v. L. H. Wood *et al.*

No. 34.

MORTGAGE—*Foreclosure—Priorities.* Where the vendor of real estate agreed with the vendee to take a mortgage on the premises sold to secure a deferred payment of the purchase-money, subject to mortgage for a definite sum, bearing interest at a stipulated rate, to be executed by the vendee in favor of a loan company for the loan of money, the terms of which agreement were known to the loan company, such vendor has a right to demand, upon a foreclosure of the mortgages taken pursuant to said agreement, and a sale of the mortgaged premises before the time specified for the maturity of the first mortgage, that the proceeds of the sale be not applied to the first-mortgage debt to an amount greater than the agreed amount of the loan, with the stipulated rate of interest thereon up to the time when the proceeds of the sale shall be distributed.

MEMORANDUM.—Error from Wyandotte district court; O. L. MILLER, judge. Action brought by The New England Loan and Trust Company against L. H. Wood and others to foreclose a mortgage.

Judgment for defendants, L. H. Wood and W. L. Wood. The plaintiff brings the case here. Modified. The opinion herein, filed December 5, 1895, states the material facts.

*John C. Hall*, and *Getty & Hutchings*, for plaintiff in error.

*McGrew, Watson & Watson*, for defendants in error.

The opinion of the court was delivered by

GARVER, J.: L. H. and W. L. Wood, the defendants in error, sold to one Consaul certain real estate in Wyandotte county, agreeing to accept a note and mortgage on the premises sold for the sum of $1,940, the deferred payment of the purchase-money, subject to a first mortgage for the sum of $4,000, bearing interest at the rate of 8 per cent., that being the amount of a loan which Consaul intended to secure from the plaintiff in error for the purpose of effecting the purchase and making improvements. Thereafter, pursuant to this understanding and agreement, which was known to and acquiesced in by the loan company, Consaul contracted for a loan of $4,000, but agreed to pay interest at the rate of 8½ per cent. per annum. At the same time the defendants in error conveyed the premises to Consaul and took from him two notes, and a mortgage securing the same, for the payment of the sum of $1,940 and interest. The loan company took from Consaul a note for $4,000, due in seven years from date, bearing interest at the rate of 6 per cent. per annum, payable semiannually on the 1st days of February and August of each year, and a mortgage securing the same, and also had him execute an additional note for $701.40 (the amount of the interest for seven years at the rate of 2½ per cent. per annum),

40—2 APP.

payable in 14 installments of $51.40 each, one install-
ment to be paid on the 1st days of February and Au-
gust of each year until all were paid, and for security
took a second mortgage on the same real estate. Of
this increased rate of interest and the second mort-
gage the defendants in error had no actual notice.
The mortgages to the loan company were prior in
point of time in being filed for record in the office of
register of deeds of said county, the purchase-money
mortgage being filed on the same day at nearly the
same time. The notes and mortgages bore the date
of July 27, 1889. The payments not having been paid
on the installment note as agreed, the plaintiff in error
commenced this action, and obtained judgment for the
amount of the note and for a foreclosure of the mort-
gage securing the same. The defendants in error,
being made parties defendant, set up their notes and
mortgage for the purchase-money and obtained judg-
ment on them.

This controversy is over the conflicting liens of the
second and third mortgages, which were foreclosed
subject to the mortgage of $4,000. In the adjustment
of the priorities of these liens, the court below gave
the plaintiff in error the first lien, as against the de-
fendants in error, for so much of its judgment as rep-
resented an amount equal to interest at the rate of
2 per cent. per annum on $4,000, from the date of
the loan to the time the judgments were rendered, and
gave the defendants priority of lien for their judgment
as against the remaining portion of the judgment of
the plaintiff in error. It is this decision of which
complaint is now made — the plaintiff in error claim-
ing that, even conceding that, as against the defend-
ants in error, it can claim prior lien for no more than
$4,000 with interest thereon at the rate of 8 per cent.

per annum, yet, as the $4,000 note and mortgage only bear interest at the rate of 6 per cent., it is entitled to priority for so much of its judgment as would represent the additional 2 per cent. interest for the full period of seven years, the time the loan had to run. The ground of this contention is, that as it is permissible for the parties to stipulate for and to make payments of interest in advance, the total unaccrued additional 2 per cent. interest which is included in the judgment should be allowed as a prior lien. To this we cannot agree. The defendants in error have a right to demand, in the foreclosure of these mortgages, that they be granted a lien on the mortgaged premises subject only to a prior lien for $4,000 and interest thereon not exceeding 8 per cent. per annum. There is nothing in the record to indicate that the plaintiff in error is not still the owner of the $4,000 note and mortgage ; nor is there anything by which the court can determine how long such mortgage may run. If we may presume from the conditions of the mortgage sued upon that similar conditions exist in the first mortgage, the plaintiff in error would have a right to commence foreclosure proceedings thereon at any time after February 1, 1890, when there was default in payment of interest, and could have then forced the collection of the $4,000 note. It is not at all probable that, without any payments of interest being made, the plaintiff in error would delay the commencement of an action thereon until the expiration of the seven years. Should that note and mortgage go to judgment, and a sale thereunder be had within that period, the plaintiff in error would certainly not be entitled to have included in such judgment the unearned interest for the period between the date of the judgment and the time when the note

by its terms was to mature. Had the three mortgages been foreclosed in the same action, it is clear, under the facts found by the court, that there would have been allowed, as a lien prior to that of the defendants in error, only the $4,000, and such additional sum as would have represented the total accrued interest thereon, computed at the rate of 8 per cent. per annum, from July 27, 1889, the date of the note, to the time of actual payment. Any addition of unearned interest would, to that extent, lessen the security which it was agreed the subsequent mortgagees should have, and be in fact an increase of the rate of interest during the actual life of the loan. That the rights of the parties may not be adjusted with exact equity in this proceeding is no fault of the defendants in error. The plaintiff in error must be held responsible for the difficulties of a situation which it created.

We think the trial court adopted the proper rule for the adjustment of the liens of these parties, but it did not go far enough in its practical application. The judgments were rendered February 3, 1891, with a stay of six months, after which an order of sale might be issued and the mortgaged premises sold, without appraisement, subject to the prior mortgage of $4,000, bearing interest at the rate of 6 per cent. per annum. As the court allowed the plaintiff in error a prior lien for an amount which increased the interest of the first mortgage to 8 per cent. only up to the time when the judgment was rendered, the defendants in error, when the property is sold, would receive the benefit of a sale subject to the prior lien for $4,000 and interest at the rate of only 6 per cent. per annum from the date of the judgment to the time of sale. That is an advantage the contract does not give them. The court di-

rected that the proceeds of the sale should be applied to the payment of the several judgments according to the priorities of their liens as determined by the court. We think the proceeds of the sale, after the payment of costs and taxes, as directed in the judgment, should be brought into court and paid on the several judgments in the order and manner as determined by the trial court in the judgment entered in the case, with this change and modification : In addition to the sum of $194.63 and interest thereon which the court directed should be first paid to the plaintiff in error, it should be paid such additional sum as will equal the interest on $4,000, at the rate of 2 per cent. per annum, from February 3, 1891, the date of the judgment, up to the time when distribution of the proceeds of the sale is made.

This case will be remanded, with directions to modify the judgment in accordance with this opinion. The costs in this court will be equally divided between the parties.

All the Judges concurring.